**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 04-20027-01-KHV |
| TREMAYNE DARKIS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On October 25, 2004, defendant pled guilty to (1) conspiracy to distribute and possess with intent to distribute 100 or more kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846 and 841(b)(1)(B)(vii) and (2) possession of firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 2 and 924(c)(1). On January 10, 2005, the Court sentenced defendant to 170 months in prison (110 months on the conspiracy count and 60 months consecutive on the firearms count). See Judgment In A Criminal Case (Doc. #77). This matter is before the Court on defendant's Motion To Modify Sentence 3582(c)(2) Pursuant To The Recent Change In The Federal Sentencing Guidelines (750 part A.C.) Amendment To The Crack Cocaine Guidelines (Doc. #141) filed June 20, 2012. Defendant asks the Court to reduce his sentence on the conspiracy count under a recent retroactive amendment to the base offense levels for crack cocaine offenses. For reasons stated below, the Court overrules defendant's motion.

Under certain circumstances, a district court may reduce a term of imprisonment where the Sentencing Commission has lowered the sentencing range pursuant to 28 U.S.C. § 994(o) and "a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10(a)(2), one of the applicable Sentencing Commission policy

statements, provides that a reduction is not authorized if the retroactive amendments do not apply to defendant or do not have the effect of lowering the applicable guideline range.  Because the Court sentenced defendant based solely on the amount of marijuana involved in the offense, and not cocaine base, he is not eligible for a reduced sentence under Amendment 750.  Accordingly, the Court overrules defendant's motion to reduce his sentence under Section 3582(c).[1]

**IT IS THEREFORE ORDERED** that defendant's Motion To Modify Sentence 3582(c)(2) Pursuant To The Recent Change In The Federal Sentencing Guidelines (750 part A.C.) Amendment To The Crack Cocaine Guidelines (Doc. #141) filed June 20, 2012 be and hereby is **OVERRULED**.

Dated this 31st day of July, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Defendant erroneously states that the "crack cocaine guidelines are used to also calculate defendants charged with distribution of marijuana and since the guidelines were changed for sentencing crack cocaine defendants, the . . . change should also apply to defendant's sentence for distribution of marijuana as well."  Doc. #141 at 1.  In calculating the offense level in crack cocaine cases, the Guidelines do convert the amount of cocaine base to the equivalent quantity of marijuana.  Even so, a change in the conversion ratio does not affect the relevant guideline calculation for offenses involving solely marijuana.